Curia, -per Butlek, J.
The general verdict in this ■case is found on different charges, that are very diiferently stated in the paper of accusation, and whether it was intended to embrace and verify all the specifications, or whether it may not be referable to one or more, cannot be determined by the verdict itself. The grounds of accusation may be summed up under two general heads, to wit; that the defendant had rendered a false schedule, against the provisions of the insolvent debtors’ Act, or that he had made an undue and fraudulent preference of one creditor with a view to injure and defraud others. A conviction foi making a false schedule under oath, is followed by very serious consequences. It would not only deprive the defendant of the right of afterwards taking the benefit of the Acts intended for the relief of insolvent debtors, but would subject him to an indictment for perjury. So of the other general charge; if it should be found true, though it would not disable the defendant from availing himself of the benefits of the Acts in other cases, yet it would subject him to endless imprisonment unless this debt should be discharged. Accusations of such a grave import, are in the nature of an impeachment. The mode of proceeding should be conducted with precision and all *454 practicable certainty. First, the general charge should be made, and then the specifications of a definite character should follow. Bach specification should contain, of itself, what would be a violation of the Act. Although referable to the general charge, which may be looked to to give it character, it should be single, separate and consistent. When an accusation is thus made out, the court can see what is submitted for its judgment, or the determination of a jury. And as the determination of the jury should frequently be known before the court could pronounce its judgment, that should be given on each and every specification. The defendant may be convicted on one, and acquitted on all the others. This is specially important to him when he is accused of different kinds of offences against the Act. Suppose one charged in the same suggestion with breaking the jail bounds, or for not rendering in a schedule within the time required by law, and also with fraud in rendering a false schedule, or in making a fraudulent preference; a general verdict of the jury could not point out the particular offence, although but one in fact had been committed. We therefore lay this down as the proper rule in such cases, that a jury should find a verdict on each specification.
Note. The reporter regrets that this case is so imperfectly reported ; without copies of the suggestion and schedule, which he was unable to procure before he was compelled to send the case to the printer, some other questions involved in the case would not be intelligible, and even the question, in reference to which alone the case is reported, could doubtless be much better understood if the suggestion or some statement of its contents had preceded the opinion of the court. R.
When analyzed, the charges in the case before us may not be altogether contradictory, but as they are, perhaps, different in legal import, we think the verdict rendered below was too general. The case is sent back mainly to give the defendant the benefit of a more special finding. Motion for a new trial granted.
Richardson, O’Neall, Evans, Wardlaw and Frost, JJ. concurred